# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALONZO CURLEY,

        Plaintiff,

v.                                                                                                          Civil No. 06-374 WJ/LCS

BOARD OF EDUCATION OF AZTEC
MUNICIPAL SCHOOL DISTRICT,
FRANCESCA FORD-KELSEY, Individually
and in her capacity as Aztec High School Guidance
Counselor and LINDA PAUL, Individually and in
her capacity as Superintendent of Schools, and
SAN JUAN COMMUNITY COLLEGE,[1]

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Defendants' Motion for Summary Judgment Based on Qualified Immunity and Other Grounds, filed October 17, 2006 (**Doc. 22**). This is an action by a high school student against Defendants for deprivation of due process when he was allegedly expelled from school without a hearing. Having considered the parties' briefs and the applicable law, I find that the motion is well-taken and shall be granted.

## Background

In the fall of 2005, Plaintiff Alonzo Curley ("Plaintiff") was a high school senior at Aztec High School ("AHS"). Defendant Francesca Ford-Kelsey was a school guidance counselor at Defendant Linda Paul is the Superintendent of Schools for the Aztec Municipal School District. Both Defendant Ford-Kelsey and Defendant Paul have been voluntarily dismissed with prejudice

---

[1] San Juan College was added as a Defendant in the Second Amended Complaint.

under Fed.R.Civ.P. 41(A)(1)(ii). Doc. 35. Plaintiff has also filed a voluntary dismissal as to Defendant San Juan [Community] College ("SJC"), Doc. 52, leaving the Board of Education of Aztec Municipal School District ("School Board" or "Defendant") as the only remaining Defendant in this action.

A stay was entered in this case pending a ruling on this summary judgment motion (Doc. 27). A stay was also entered in this case for a limited period in order to allow Plaintiff to retain new counsel after the withdrawal of previous counsel (Doc. 43). This period of time has expired, and per the Order entered on this matter, Plaintiff is now considered to be proceeding pro se.

The sole theory of recovery alleged in Plaintiff's Amended Complaint is a violation of the Fourteenth Amendment right to procedural due process, because Plaintiff was not afforded a hearing prior to his expulsion. Plaintiff requests monetary relief, attorney fees and costs, and "[s]uch other and further relief to which Plaintiff may show himself justly entitled."

Parties differ in the description of events which ended with Plaintiff's expulsion, but the material issue concerns whether Plaintiff was entitled to a due process hearing, and if so, whether he was denied a hearing in violation of the Fourteenth Amendment. However, based on the present posture of the case, the Court's analysis must end with the failure of Plaintiff to present facts which form the basis of a claim against the one remaining Defendant – the Board of Education.

Under AHS policy, full-time students are enrolled in four classes, except seniors have full-time status if they are enrolled in only two classes. In the fall semester of his senior year in 2005, Plaintiff enrolled in two classes at AHS and a two-credit welding course at SJC in the fall semester of 2005. Plaintiff would attend the welding course at SJC, but would receive credit

through AHS. Throughout Plaintiff's tenure at AHS, he resided in the AHS Dormitory ("Dormitory"), which houses Native American students who are in need of housing and who are attending nearby public school on a full-time basis. The Dormitory is a completely independent entity from the Aztec Schools.

Defendant's position is that Plaintiff was placed on a "conditional enrollment status" at AHS after ten consecutive absences. Plaintiff was present for his AHS classes every day from Monday, August 22, 2005 through Monday, September 12, 2005 and then never again reported for classes. Pursuant to statute and policy, he was "withdrawn." According to Defendant, this is an administrative category that did not affect his ability to attend school. Plaintiff would have been permitted to re-enroll under conditional enrollment status, during which he would have attended class and then petitioned for credit at the end of the semester to show that had mastered the course work. Defendant contends that Plaintiff could have grieved the decision to place him on conditional enrollment status, but failed to do so.

Plaintiff and his parents were sent the requisite notices regarding his absences. By letters dated October 4, 2005 and November 9, 2005, Plaintiff or his parents were advised that Plaintiff was placed on conditional enrollment status by AHS Dean of Students Ricky Espinoza, and also Superintendent Linda Paul. Plaintiff did not seek to re-enroll until the spring semester. He graduated in May of 2006 with a high school diploma.

Plaintiff alleges that his absences were due to his financial inability to pay for welding equipment, without which he was not allowed to participate in his welding classes. Mr. Huff, the welding instructor, refused to give him additional time to get these materials. Plaintiff's mother, Emma Curley, visited the AHS guidance counselor, Ms. Ford-Kelsey, to ask that Plaintiff be put

into another class.  Ms. Ford-Kelsey informed Mrs. Curely that the drop/add period was already over, and that state law prohibited his enrollment in another class at that time.  Plaintiff was disenrolled from his SJC welding class around September 8, 2005.  Without the requisite number of classes, Plaintiff could not continue to reside at the Dormitory.  Plaintiff re-enrolled in the spring semester, and graduated with a diploma, but he was unable to take the required welding classes to become a certified welder.

## Discussion

Defendants' motion for summary judgment raises the defense of qualified immunity.  However, subsequent to the filing of the motion, Plaintiff voluntarily dismissed the individual defendants leaving the School Board as the sole Defendant.  The School Board is a governmental entity and thus, is not entitled to qualified immunity.  Jantz v. Muci, 976 F.2d 623, 630 n.4 (10th Cir. 1992).

The School Board's motion also asserted that no defendant could be held liable on a theory of respondeat superior.

**I.    Legal Standard**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000).  In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Gossett v. Oklahoma ex rel. Bd. of Regents for Langston University, 245 F.3d 1172, 1175 (10th Cir. 2001).  In making this determination, the Court must construe all the facts in the record and

reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. Worrell, 219 F.3d at 1204.

At the time Defendant filed this motion, the individual Defendants were still named parties. The posture of the case has since changed in that the School Board is the only remaining Defendant. Plaintiff alleges only a Fourteenth Amendment Due Process claim, applicable to states under 42 U.S.C. § 1983. As Defendant correctly notes, a governmental entity such as the School Board, cannot be held liable for the actions of its employees under a theory of respondeat superior. Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir.2000) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978)). Rather, a plaintiff suing a governmental entity under § 1983 for the acts of one of its employees must prove: (1) that the employee committed a constitutional violation, and (2) that a governmental policy or custom was the moving force behind the constitutional deprivation. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), cited in Myers v. Okla County Bd. of County Commissioners et al., 151 F.3d 1313, 1320 (10th Cir. 1998).

There are no allegations of municipal liability stated in the complaint, nor any facts presented in the response to summary judgment which could be construed as evidence of a policy of custom which resulted in an alleged constitutional deprivation. The Court notes that although Plaintiff is proceeding pro se at this time, Plaintiff was represented by counsel when the Amended Complaint was filed, when he responded to the motion for summary judgment, and when he filed the notice of voluntary dismissal with regard to the individual defendants. Thus these filings are not entitled to the liberal construction normally afforded to the pleadings filed by pro se plaintiffs. See e.g., Gillihan v. Shillinger, 874 F.2d 935, 938 (10th Cir. 1989).

**Conclusion**

Plaintiff has failed to meet his burden in response to Defendant's motion for summary judgment of showing a disputed issue of material fact with regard to a violation of a constitutional or statutory right by the sole remaining Defendant in this case.  For this reason, Defendant's motion for summary judgment shall be granted.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment Based on Qualified Immunity and Other Grounds **(Doc. 22)** is hereby GRANTED for reasons set forth in this Memorandum Opinion and Order.

A Rule 58 Judgment shall issue.

_____
UNITED STATES DISTRICT JUDGE